UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES  DIVISION

**STEVEN RAY STOKES**       :       CIVIL ACTION NO.  2:12-CV-401
   **#21698112**
                                                    :       SECTION P
**VERSUS**
                                                    :       JUDGE TRIMBLE

**USA**                                       :       MAGISTRATE JUDGE KAY


REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Steven Ray Stokes.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons.  He is currently incarcerated at the Federal Corrections Institute in Oakdale, Louisiana.  Petitioner names the United States of America as defendant herein.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

In May 2003 petitioner plead guilty to controlled substance and firearms offenses in the Northern District of Florida (Pensacola Division) (3:03-cr-20; Doc. 50).  He was sentenced on to a term of two hundred and four months on September 5, 2003.  The sentence was reduced to one hundred and eighty months on March 5, 2007.  (3:03-cr-20; Docs. 78, 100).  The docket in petitioner's criminal case reflects that he did not appeal and that he filed no post-conviction motions.

-2-

Petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Northern District of Florida on February 6, 2012. (3:12-cv-60). In that petition plaintiff asserted that he was actually innocent of assessed sentence enhancements, that his sentence should not have been enhanced for his role in the offense, that the district court erred in adopting the quantity of drugs set forth in the pre-sentence investigation report, and that his counsel was ineffective. The court denied the petition on February 10, 2012.

The instant writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed on February 13, 2012. Petitioner's claims are nearly identical to those previously rejected by the Northern District of Florida. Specifically, he claims that the court erred in sentencing him to a United States Sentencing Guideline §3B.1.1 four (4) level organizer/leader enhancement; that the court erred in sentencing him based on an erroneous assessed quantity of drugs; that the court erred in sentencing him as a career offender; and that his counsel was ineffective in several aspects.

*Law and Analysis*

Petitioner styles this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition attacks the legality of his incarceration arguing sentencing error and ineffective assistance of counsel. Since petitioner contests errors occurring at sentencing and not the manner in which the sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the

> applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added). Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and (2) the claim is based was foreclosed by circuit law at the time when the claim should have been raised at trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Petitioner has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate. He has not identified a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at any time. Therefore, the instant petition for writ of habeas corpus must be dismissed for lack of jurisdiction.

### *Recommendation*

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain

-4-

error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 28th day of January, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE